UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JONAH WEGZYN, | ) | CASE NO. C08-1361-MJP-MAT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER RE: PENDING MOTIONS |
| | ) | |
| OFFICER GRIFFEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff proceeds *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights case. He submitted a motion to compel (Dkt. 32) and a motion requesting an extension of time and subpoena (Dkt. 36). Having considered these motions, the Court finds and concludes as follows:

(1) Plaintiff seeks to compel the production of documents and information concerning defendant Officer Griffee and a videotape he believes exists of the incident concerned in this lawsuit. (Dkt. 32.) Defendants note that plaintiff submitted and received responses to public disclosure requests for these items, and assert that any public disclosure remedy is not properly pursued in this Court. (Dkt. 34, Exs. A & B.) Defendants further

01 assert that they properly denied plaintiff's discovery requests for these items given plaintiff's
02 failure to comply with Court ordered deadlines. (Dkt. 16 (assigning a March 13, 2009
03 deadline for completion of discovery and noting that interrogatories must be served at least
04 thirty days prior to the discovery deadline in order to allow the responding party to answer);[1]
05 Dkt. 32 at 16 (letter declining to respond to plaintiff's discovery request regarding Officer
06 Griffee given that defendants received the discovery request on February 24, 2009, some
07 seventeen days prior to the discovery deadline); and Dkt. 34, Ex. C (June 8, 2009 letter to
08 plaintiff invoking discovery deadline in denying any discovery request for a videotape of the
09 incident in question).) Defendants additionally point to a letter they directed to plaintiff
10 explaining that the camera he references in his motion is a security camera utilized for
11 monitoring, not videotaping. (Dkt. 34, Ex. C.) (*See also* Dkt. 32-2 at 15, 18-19 (responses
12 from Department of Corrections and King County Regional Justice Center denying the
13 existence of a videotape).) Considering all of the above, the Court agrees with defendants that
14 plaintiff's discovery requests were properly denied. Plaintiff's motion to compel (Dkt. 32) is,
15 therefore, DENIED.

16   (2) Plaintiff also submitted a motion containing two separate requests. (Dkt. 36.)
17 Presumably referring to defendants' pending motion for summary judgment, plaintiff seeks a
18 two week extension of time to secure the services of counsel. He also requests a Court ordered
19 subpoena to obtain lay testimony from a correctional officer not named as a defendant in this
20 lawsuit. However, the Court finds no basis for granting either of these requests. The Court

---

22   [1] While the Order Regarding Pretrial Preparations references only interrogatories in requiring service thirty days prior to the discovery deadline (Dkt. 16), this rule applies equally to interrogatories and requests for production of documents. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A).

previously granted plaintiff a six week extension of the noting date of defendants' dispositive motion in order to allow him time to obtain counsel. (Dkt. 31.) More than two weeks have now passed since the filing of plaintiff's current motion and there is no indication he has secured counsel. The Court, therefore, finds no basis for continuing the noting date of defendants' motion. Nor does the Court find any basis for the requested subpoena given that plaintiff makes this request well over three months after the conclusion of discovery in this matter. (*See* Dkt. 13.) For these reasons, plaintiff's motion requesting an extension of time and a subpoena (Dkt. 36) is also DENIED.

(3) The Clerk is further directed to send copies of this Order to the parties and to the Honorable Marsha J. Pechman.

DATED this 29th day of July, 2009.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: PENDING MOTIONS
PAGE -3