UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JONAH WEGZYN, | ) | CASE NO. C08-1361-MJP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| OFFICER GRIFFEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## INTRODUCTION

Plaintiff Jonah Wegzyn proceeds *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 action. He alleges defendants City of Burien and Burien Police Officer Don Griffee violated his civil rights through an incident which occurred on March 14, 2006 at the Regional Justice Center (RJC), where plaintiff was being held as a pre-trial detainee.

Defendants filed a motion for summary judgment (Dkt. 25) and, despite the fact that the Court granted plaintiff an extension of time (*see* Dkt. 31), he failed to respond to that motion.[1] The Court deems plaintiff's failure to oppose the dispositive motion to be an admission that

---

[1] While plaintiff did submit a letter responding to an attachment to defendants' motion for summary judgment (Dkt. 29), he did not submit any formal opposition to the motion.

defendants' motion has merit.  *See* Local Civil Rule 7(b)(2).  The Court further finds, having considered the papers and pleadings submitted by defendants, as well as the balance of the record in this matter, that defendants' motion for summary judgment should be granted and this case dismissed against all named defendants.

## BACKGROUND

Plaintiff claims in his amended complaint that Officer Griffee violated his civil rights by uttering slurs involving race and/or national origin while transporting plaintiff to and from the RJC on March 14, 2006.  (Dkt. 6.)  He also asserts generally that Officer Griffee "attacked" him during the transfer.  (*Id.*)  Plaintiff had, in his original complaint, contended that Officer Griffee called him a "spic" and pushed him against a wall, resulting in a "small bump" on the back of his head and a "persistent headache[.]"  (Dkt. 4.)  Also, in a letter to the Court, plaintiff described the incident in question as follows:

> On March 14, 2006 between 11:00 am & 1:00 pm, Mr. Wegzyn was at the intake area of the (RJC) Regional Justice Center shackled in preparation for transfer to Burien Southwest District Court.  Officer Griffee of the Burien Police, began asking Mr. Wegzyn about the meaning of Mr. Wegzyn's tattoos? Where he is from? And What race he is? & if hes a cholo? Mr. Wegzyn refused to answer Officer Griffee questions and told the officer to "mind your own business."  Officer Griffee replied that he had a badge and the right to know whatever he wanted.  Then officer Griffee said to Mr. Wegzyn "I don't like spics," Go back to your own country," I don't like your type."  Officer Griffee face to face with Mr. Wegzyn, then pushed Mr. Wegzyn against the wall while shackled and handcuffed hitting Mr. Wegzyn's head against the wall.
> 
> Mr. Wegzyn developed a scar on the back of his head which was caused by Officer Griffee police misconduct incident, when he pushed him into the wall.  Mr. Wegzyn filed a medical kite when he returned from his court appearance, between 4:00 pm and 5:00 pm at the Regional Justice Center.  Mr. Wegzyn reports that he has had persistent since the incident & mental issues & now has a scar on the back of his head for life.  Mr. Wegzyn is mentally

01        disabled, before the incident, suffering from depression and traumatic [sic] head
       & brain injury, ADD, short term memory loss.   Personality disorder.

(Dkt. 18.)

Petitioner also names the City of Burien as a defendant.  He contends that the City of Burien is liable given its failure to train Officer Griffee, the fact that it employed Officer Griffee, and because Officer Griffee was transporting him for the City of Burien.  (Dkt. 6.)

Defendants deny the use of any racial slurs or unreasonable force, as well as the alleged injuries, offering an alternative description of the incident in a statement from Officer Griffee. (Dkt. 26, Ex. B.)  Officer Griffee avers that plaintiff pulled away from him when he tried to check plaintiff's shirt for contraband and that he responded by grabbing plaintiff's shirt and pulling plaintiff towards him.  (*Id*. at 4.)  He asserts that he then "sat [plaintiff] back against the wall[,]" denying that he "smash[ed]" plaintiff against the wall, or that plaintiff's head hit the wall.  (*Id*. at 5, 7.)

On the same date of the incident in question, plaintiff filed a Medical Kite seeking medical treatment, asserting the back of his head hurt due to an assault by an officer.  (*Id*., Ex. C.)  Registered Nurse Pam Krogh saw plaintiff at RJC's Jail Health Services two days later, on March 16, 2006.  (*Id*.)  Her note from the encounter with plaintiff reflects that she did not observe any injury or any other wound, cut, lump, or bruising.  (*Id*.)  She assessed a headache and requested over-the-counter Ibuprofen as treatment.  (*Id*.)

## DISCUSSION

Summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994).

The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. "'[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."'" *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting M*atsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986)). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient[]" to defeat summary judgment. *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Also, conclusory allegations in legal memoranda are not evidence, and cannot by themselves create a genuine issue of material fact where none would otherwise exist. *See Project Release v. Prevost*, 722 F.2d 960, 969 (2nd Cir. 1983). *Accord Leer v. Murphy*, 844 F2d 628, 633 (9th Cir. 1988) ("Sweeping conclusory allegations will not suffice to prevent summary judgment.")

Plaintiff here avers claims pursuant to 42 U.S.C. § 1983. In order to sustain a § 1983 claim, plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v.*

*Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For the reasons described below, the Court recommends that defendants' motion for summary judgment be granted and this matter dismissed.

A. <u>City of Burien</u>

A local government unit or municipality can be sued as a "person" under § 1983. *Monell v. Department of Social Servs.*, 436 U.S. 658, 691-94 (1978). However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id*. at 691. A plaintiff seeking to impose liability on a municipality under § 1983 must identify municipal "policy" or "custom" that caused his or her injury. *Board of the County Commissioners v. Brown*, 520 U.S. 397, 403 (1997).

Here, plaintiff fails to identify, nor is there any evidence to support, any policy or custom of the City of Burien that caused him any injury. Instead, his claims are conclusory and appear to be based on the mere fact that the City of Burien employed Officer Griffee. Because such an assertion fails to state a claim, plaintiff's claims against the City of Burien should be dismissed.

B. <u>Officer Griffee</u>

As reflected above, plaintiff bases his claims against Officer Griffee on the alleged use of racial and/or ethnic slurs and excessive force. These claims should also be dismissed.

An allegation that an inmate was subjected to abusive language directed at his ethnic background does not suffice to state a constitutional deprivation cognizable under § 1983. *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (cited sources omitted), *abrogated on other grounds by Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008). *See also Oltarzewski v.*

*Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (verbal harassment alone is insufficient to state a claim under § 1983). Accordingly, plaintiff's allegations regarding the use of racial and/or ethnic slurs are subject to dismissal on summary judgment.

Plaintiff's assertion with respect to excessive force likewise fails to state a claim of constitutional magnitude. As argued by defendants, even assuming as true plaintiff's version of the facts – that Officer Griffee pushed him against the wall, resulting in his head hitting the wall – such facts would not rise to the level of a constitutional violation.

The "core judicial inquiry" in an excessive use of force claim is not what degree of injury the inmate suffered, but rather "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-10 (1992). In formulating this standard, the United States Supreme Court observed that not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id*. at 9. Rather, "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id*. at 9-10 (quoted sources omitted). [2]

---

[2] While plaintiff's claims would arise under the Fourteenth Amendment rather than the Eighth Amendment given his status as a pretrial detainee at the time of the incident, courts routinely apply the *Hudson* test to pretrial detainees' Fourteenth Amendment claims of excessive force. *Afeworki v. Thompson*, No. C06-628P, 2007 U.S. Dist. LEXIS 42817 at *20 n.2 (W.D. Wash. June 13, 2007). Moreover, while the Ninth Circuit Court of Appeals has not directly addressed this issue, it routinely uses the Eighth Amendment as a benchmark for evaluating claims brought by pretrial detainees. *See, e.g.*, *Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991). *See also Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) ("Because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, however, we apply the same standards.")

Courts may consider several different factors in evaluating a correctional officer's use of force, including: (1) the extent of injury suffered; (2) the need for use of force; (3) the relationship between the need for force and the amount of force used; (4) the threat "'reasonably perceived by the responsible officials'"; and (5) "'any efforts made to temper the severity of a forceful response.'" *Id.* at 7 (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). In this case, consideration of these factors supports the dismissal of plaintiff's claims.

The medical record from shortly after the incident reflects the absence of any observable injury. (Dkt. 26, Ex. C.) Plaintiff provides no evidence to the contrary. Also, more recent medical records submitted by plaintiff point to a history of traumatic brain injury resulting in short term memory loss, but nothing tied to the incident in question and include a denial of "any current problems or treatment." (Dkt. 4 at 10-16.)

Plaintiff likewise provides no more than a bare allegation that Officer Griffee acted with a racially and/or ethnically motivated malicious intent. In contrast, notes from an investigation into the incident show that one of the individuals plaintiff alleged to have observed the incident denied hearing or seeing any officer ask plaintiff about his tattoos, use any racial epithets, or push plaintiff against a wall. (*Id*. at 8.)

Officer Griffee attests that the incident occurred as a result of his need to check plaintiff's shirt for contraband and the fact that plaintiff pulled away from him upon his attempt to perform that search. This supports a good faith effort to maintain or restore institutional security and discipline, and not force inflicted maliciously and sadistically for the purpose of causing harm. *See Bell v. Wolfish*, 441 U.S. 520, 546 (1979) ("[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require

limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees.") Plaintiff failed to provide any rebuttal to Officer Griffee's version of the incident.

Nor is it apparent that the amount of force alleged by plaintiff could reasonably be considered more than *de minimis*. As stated above, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9 (citing *Johnson v. Glick*, 481 F. 2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights")). Plaintiff fails to provide any support for the contention that the alleged push was force of the "sort 'repugnant to the conscience of mankind.'" *Id*. at 9-10.

In sum, no evidence supports plaintiff's claim of excessive force and his conclusory allegations fail to create a triable issue of fact. Additionally, as noted by defendants, plaintiff is precluded under the Prison Litigation Reform Act (PLRA) from asserting any claim for mental or emotional suffering based on physical injury given the *de minimis* physical injury at issue. *Oliver v. Keller*, 289 F.3d 623, 629 (9th Cir. 2002) ("Applying § 1997e(e) [of the PLRA] to this case, we conclude that appellant has alleged only *de minimis* physical injury, and is barred from pursuing claims for mental and emotional injury.") For these reasons, and for the reasons described above, defendants' motion for summary judgment should be granted.

## CONCLUSION

For the reasons described above, defendants' motion for summary judgment should be GRANTED and this matter DISMISSED. A proposed order accompanies this Report and Recommendation.

DATED this 11th day of September, 2009.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge